David C. Bohrer (Bar No. 212397)
David.bohrer@valoremlaw.com
VALOREM LAW GROUP, LLP
60 South Market Street, Suite 1250
San Jose, California  95113-2396
Telephone:   (408) 938-3882
Facsimile:    (408) 915-2672

J. Pat Heptig (Texas Bar No. 793940)
(*pro hac vice pending*)
Pat.heptig@valoremlaw.com
Of Counsel
VALOREM LAW GROUP, LLP
15050 E. Beltwood Pkwy.
Addison, Texas  75001
Telephone:   (214) 451-2154
Facsimile:    (312) 676-5499

Attorneys for Plaintiffs
Plantronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANTRONICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLUEANT WIRELESS PTY., LTD., an Australian corporation, and BLUEANT WIRELESS, INC., a California corporation,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

This is an action for patent infringement in which plaintiff Plantronics, Inc. ("Plantronics" or "Plaintiff") makes the following allegations against defendants BlueAnt Wireless Pty., Ltd. and BlueAnt Wireless, Inc. (collectively "BlueAnt" or "Defendants").

**PARTIES**

1. Plaintiff Plantronics is a Delaware corporation with its principal place of business at 345 Encinal Street, Santa Cruz, California 95060.

2. On information and belief, Defendant BlueAnt Wireless Pty., Ltd. (referred to individually as "BW-AUS") is an Australian corporation with its principal offices at L4, Building 1, 658 Church Street, Richmond, Victoria, Australia 3121. BW-AUS designs, manufacturers, and imports into the U.S. and world markets headphones, headsets, speakerphones and related accessories.

3. Defendant BlueAnt Wireless, Inc. (referred to individually as "BW-US") is a California corporation with its last known principal place of business at 125 South Wacker Drive, Suite 300, Chicago, Illinois 60606. On information and belief, BW-US was formed in 2007 as a subsidiary of BW-AUS and imports, markets, sells, and/or offers for sale BlueAnt products in North America, including Canada, Mexico and the U.S. on behalf of BW-AUS.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, Titles 35 and 17, United States Code, including 35 U.S.C. § 1, et seq. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over BW-AUS and BW-US because each of these BlueAnt entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by BW-AUS and BW-US cause injury to Plantronics within this District. Upon information and belief, BW-AUS and BW-US derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

6. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). BlueAnt transacts business within this District and offers for sale in this District products that infringe Plantronics' patent, and these and other contacts within this District are sufficient to subject BlueAnt to personal jurisdiction. Venue is also proper because a substantial part of the events giving rise to the claims occurred in this District. BlueAnt has committed and continues to commit acts of patent infringement in this District, and BlueAnt has harmed and continues to harm Plantronics in this District.

## BACKGROUND

### Plantronics and the Asserted Patents

7. Plantronics is a leader in headset technology, which formed in 1961 to address deficiencies in existing aviation headsets. It has since pioneered lightweight and mobile headsets for a wide array of applications, including, for example, personal and professional use, call-centers, office environments, pilots, emergency workers and even by astronauts.

8. United States Patent No. 5,712,453 ("'453 Patent"), entitled "Concha Headset Stabilizer" was issued by the United States Patent & Trademark Office ("USPTO") on January 27, 1998. A true and correct copy of the '453 Patent is attached hereto as Exhibit A.

9. On March 1, 2011, following an ex parte reexamination proceeding, the USPTO issued Reexamination Certificate No. 5,712,453 C1, in which the patentability of claims 1, 7, 10, and 11 in the '453 Patent were confirmed, and new claims 16 through 56 were added. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit B.

10. Plantronics is the owner by assignment of the entire right, title and interest in the "453 Patent, including the Reexamination Certificate No. 5,712,453 C1. The '453 Patent and Reexamination Certificate No. 5,712,453 C1 are hereafter referred to collectively as the "'453 Patent."

11. The '453 Patent is directed to the stabilization of headsets that have small receivers that fit in the lower concha of the ear (in front of the ear canal) and are therefore known as concha-style headsets.

12. Concha-style headsets are often embodied as Bluetooth headsets used with mobile

devices.

13. The '453 Patent represents the fruit of years of extensive investment by Plantronics in human factors research regarding headset fit, comfort, stability and acoustics, which have become critical to competitive success in the Bluetooth headset market.

14. The '453 Patent describes and claims a concha-style headset that uses a novel technology that engages features of the concha on the outer ear to stabilize the headset (hereafter referred to as "concha-stabilized headsets" or "concha-stabilized headset technology").

15. Pursuant to 35 U.S.C. § 287, Plantronics has been properly marking its concha-stabilized headset products with the '453 Patent since at least as early as July of 2009.

**BlueAnt's Infringing Headsets**

16. BlueAnt manufactures, markets, uses, imports, sells and offers for sale in the United States infringing concha-stabilized headsets, including without limitation BlueAnt headset models "Q3", "Q2", "T1", and "T2 Endure."

17. BlueAnt distributes, sells or offers for sale the Q3, Q2, T1, and T2 Endure headsets in the United States using various sales channels including: (i) direct online sales through the BlueAnt website (www.myblueant.com); (ii) retail sales outlets, including Best Buy, Fry's Electronics, Amazon, among others; (iii) distributors, including C2 Wireless; and (iv) wireless telecommunication service providers, including AT&T, Verizon, Sprint, and T-Mobile. These retail sales outlets, distributors, and wireless service providers in turn sell the accused BlueAnt headsets to end users in the United States.

18. The BlueAnt Q3, Q2, T1, and T2 Endure headsets compete with Plantronics' concha-stabilized headsets and other Plantronics' products.

**COUNT I**

**(INFRINGEMENT OF THE '453 PATENT)**

19. Plantronics hereby incorporates and restates the foregoing paragraphs as if fully set forth at length.

///

///

**Direct Infringement of the '453 Patent**

20. BlueAnt has infringed and continues to infringe – literally and/or under the doctrine of equivalents – at least one claim of the '453 Patent, by, among other things, making, using, selling, offering for sale or importing in this judicial District and elsewhere in the United States concha-stabilized headsets that embody one or more of the claimed inventions of the '453 Patent in violation of 35 U.S.C. § 271(a).

21. Specifically, BlueAnt directly infringes the '453 Patent by making, using, selling, offering for sale and/or importing concha-stabilized headsets in the United States, including without limitation the BlueAnt Q3, Q2, T1, and T2 Endure headsets, as well as other BlueAnt concha-style headset products incorporating the patented concha-stabilizer headset technology (the "Accused Headsets"). By way of example only, and without limitation, BlueAnt infringes, literally and/or under the doctrine of equivalents, at least claim 10 of the '453 Patent by making, using, selling, offering for sale or importing in the United States the Accused Headsets.

**Indirect Infringement of the '453 Patent**

22. BlueAnt also has infringed and continues to infringe indirectly by way of knowingly inducing infringement and/or contributing to the infringement of the '453 Patent. Among other things, BlueAnt specifically intended their customers to directly infringe in this judicial District or elsewhere in the United States one or more of the claimed inventions of the '453 Patent in violation of 35 U.S.C. § 271(b), and/or specifically supplied components, such components having no substantial non-infringing uses and constituting a material part of the invention, to their customers with knowledge that these components were especially made for use by the customer in a manner that directly infringe in this judicial District or elsewhere in the United States one or more claims of the '453 Patent in violation of 35 U.S.C. § 271(c).

**Inducement of Infringement of the '453 Patent**

23. Further and in the alternative to the direct infringement described above, BlueAnt has knowingly induced infringement of the '453 Patent. BlueAnt induced such infringement through their making, using, selling, offering for sale or importing the Accused Headsets to their customers. BlueAnt has further induced infringement of the '453 Patent by separately selling

1 | BlueAnt "stabilizing ear gels" and/or "stabilizing eartips" for use with the Accused Headsets as
2 | well as BlueAnt Q1 and "CONNECT" concha-style headsets (the "Accused Eargels"), which
3 | combined use infringes one or more claims of the '453 Patent, such as claim 10.

4 |     24. By way of example only, the Accused Eargels comprise an ear cushion with a
5 | concha stabilizer coupled to the ear cushion and dimensioned to contact an upper concha, which
6 | infringes one or more claims of the '453 Patent when combined as intended with a BlueAnt
7 | concha-style headset.

8 |     25. BlueAnt has intentionally caused, urged, encouraged, or aided action that induced
9 | infringement, including direct infringement, of the '453 Patent by others, including without
10 | limitation BlueAnt's customers, for example individual end users, as well as BlueAnt's retail,
11 | distributor, and wireless service provider distribution channel customers including without
12 | limitation, C2 Wireless, Best Buy, Fry's Electronics, AT&T, Sprint, and Verizon, and their
13 | respective end-user customers. Such intentional action was and is, by way of example, the selling
14 | and/or offering for sale the Accused Headsets and the BlueAnt stabilizer ear gels to BlueAnt'
15 | customers. BlueAnt specifically intended for its end user customers to use the Accused Headsets
16 | and/or the Accused Eargels to directly infringe one or more claims of the '453 Patent.

17 |     26. BlueAnt also specifically intended for their retail, distributor, and wireless service
18 | provider distribution channel customers to directly infringe one or more claims of the '453 Patent
19 | by further offering for sale, selling, and distributing the Accused Headsets and/or Accused
20 | Eargels to their respective end-user customers whose use also directly infringes one or more
21 | claims of the '453 Patent. By way of example only, BlueAnt advertises to their customers that
22 | the Accused Eargels "are designed to fit in your ear, allowing you to wear your BlueAnt Q1, Q2,
23 | Q3, T1, CONNECT or Endure headset without using the ear hook."

24 |     27. As a result of its conduct, BlueAnt induced its end-user customers and BlueAnt's
25 | retail, distributor, and wireless service provider distribution channel customers' respective end-
26 | user customers, to sell, distribute, and/or use the Accused Headsets and/or the Accused Eargels to
27 | directly infringe the claims of the '453 Patent.
28 | ///

**Contributory Infringement of the '453 Patent**

28. Further and in the alternative to the direct and indirect infringement described above, BlueAnt is also liable for contributory infringement of the '453 Patent. BlueAnt knowingly contributes to the infringement of the '453 Patent by selling, offering for sale or importing the Accused Eargels. BlueAnt also knowingly contributes to infringement of the '453 Patent by selling, offering for sale or importing the Accused Headsets to downstream end-users.

29. The infringing Accused Eargels, separately or in combination with the Accused Headsets, have no substantial non-infringing uses. The Accused Eargels are specifically designed and intended to be used by an end-user to stabilize the headset in the user's ear. BlueAnt instructs the product end-user that the BlueAnt "stabilizer ear gels are designed to fit in your ear, allowing you to wear your BlueAnt Q1, Q2, Q3, T1, CONNECT or Endure headset without using the ear hook." When the Accused Headsets are used with the stabilizing ear gels, the headsets are designed to be used in an end-user's ear in a manner that meets each and every limitation of one or more claims of the '453 Patent, for example claim 10. The Accused Headsets with an installed Accused Eargels have no substantial non-infringing uses.

30. Similarly, the Accused Eargels are specifically designed and intended to be installed on and used by an end-user with BlueAnt's concha-style headsets. In particular, the Accused Eargels are designed and intended to be used to stabilize the Accused Headsets as well as the BlueAnt Q1 and CONNECT concha-style headsets in the end-user's ear in a manner that meets each and every limitation of one or more claims of the '453 Patent, for example claim 10. As shown above, BlueAnt instructs the product end-users that Accused Eargels are intended to be installed on and used with the Accused Headsets and the BlueAnt Q1 and CONNECT concha-style headsets. The Accused Eargels have no substantial non-infringing uses.

31. As a result, BlueAnt specifically intended the end-users of the Accused Headsets to use the headsets in a manner that directly infringes one or more claims of the '453 Patent. BlueAnt also specifically intended the end-users of the Accused Eargels to install and use the stabilizing ear gels on BlueAnt concha-style headsets in a manner that directly infringes one or more claims of the '453 Patent. BlueAnt also specifically intended the Accused Headsets and

Accused Eargels to be sold, offered for sale, and distributed by BlueAnt's' retail, distributor, and wireless service provider channel customers to infringe one or more claims of the '453 Patent by further offering for sale, selling, and distributing the Accused Headsets and/or Accused Eargels to their respective end-user customers who's use also directly infringes one or more claims of the '453 Patent.

32. The Accused Eargels that are either included as part of an Accused Headset or sold separately by BlueAnt are material to practicing the invention of the '453 Patent. As a non-limiting example, the Accused Eargels are stabilizing ear gels used to stabilize the BlueAnt concha-style headsets in an end-user's ear. The Accused Eargels comprise an ear cushion with a concha stabilizer coupled to the ear cushion and dimensioned to contact an upper concha (as recited in claim 10 of the '453 Patent), which is a material part of the invention of one or more claims of the '453 Patent.

33. As a result of their conduct, BlueAnt has contributed to the infringement of the '453 Patent by its end-user customers and by BlueAnt's retail, distributor, and wireless service provider distribution channel customers' respective end-user customers by selling, offering to sell and importing the Accused Headsets and/or the Accused Eargels to such customers who directly infringe the claims of the '453 Patent.

34. BlueAnt engaged in the foregoing conduct while it was aware of the '453 Patent at least as early as May 30, 2014, if not earlier. Because of its knowledge of the '453 Patent and its infringement thereof, BlueAnt knew or should have known that the Accused Headsets and/or Accused Eargels it supplied to its customers were specifically made for use and used by such customers to directly infringe one or more claims of the '453 Patent.

35. BlueAnt has committed these acts of infringement without license or authorization.

### Willful Infringement of the '453 Patent

36. On May 30, 2014, Plantronics' counsel sent a letter to BlueAnt informing it of the '453 Patent and that the Accused Headsets infringe multiple claims of the '453 Patent (the "Infringement Letter"). A true and correct copy of the Infringement Letter is attached hereto as Exhibit C (May 30, 2014 letter to BlueAnt).

37. Despite this pre-suit notice, BlueAnt has continued to directly infringe and indirectly infringe by way of inducing infringement and/or contributing to the infringement of the '453 Patent.

38. BlueAnt's acts of infringement of the '453 Patent has therefore been and continues to be willful, deliberate, and in reckless disregard of Plantronics' patent rights.

39. The Infringement Letter gave BlueAnt notice of an objectively high likelihood that the Accused Headsets and the use of the Accused Eargels with BlueAnt concha-style headsets infringed one or more claims of the '453 Patent.

40. Despite having knowledge of an objectively high likelihood that its products infringed one or more claims of the '453 Patent, BlueAnt has in the past and still continues to the present to import, make, use, sell, and offer for sale the infringing Accused Headsets and the Accused Eargels.

41. BlueAnt's acts of infringement of the '453 Patent therefore has been and continues to be willful, deliberate, and in reckless disregard of Plantronics' patent rights.

42. As a result of BlueAnt's direct and indirect infringement of the '453 Patent, Plantronics has suffered monetary damages, including without limitation lost profits for diverted sales, price erosion, or both, and is entitled to a money judgment in an amount adequate to compensate for BlueAnt's infringement, but in no event less than a reasonable royalty for the use made of the invention by BlueAnt, together with interest and costs as fixed by the Court. Plantronics will continue to suffer damages in the future unless this Court enjoins BlueAnt's infringing activities.

43. Plantronics seeks relief jointly and severally from BW-AUS and BW-US regarding their infringement of one or more claims of the '453 Patent by the Accused Headsets and the Accused Eargels.

44. Plantronics has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting BlueAnt and its respective affiliates, subsidiaries, agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '453 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plantronics prays for judgment as follows:

A.  Entry of judgment holding Defendants jointly and severally liable to Plaintiff for infringement of the '453 Patent;

B.  An award of damages adequate to compensate Plantronics for BlueAnt's infringement of the '453 Patent;

C.  A post-judgment accounting of damages for the period of infringement of the '453 Patent following the period of damages established by Plaintiff at trial;

D.  An order permanently enjoining Defendants and their respective affiliates, subsidiaries, officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '453 Patent;

E.  If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

F.  Enhanced damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of Defendants'' infringement of the '453 Patent;

G.  An order declaring that this is an exceptional case with the meaning of 35 U.S.C. § 285;

H.  An award of prejudgment interest, post-judgment interest, costs and disbursements, and attorney's fees; and

I.  Such other and further relief to as the Court deems Plaintiff may be entitled in law and equity.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plantronics, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 15, 2014

VALOREM LAW GROUP, LLP

_____
David C. Bohrer (Bar No. 212397)
60 South Market Street, Suite 1250
San Jose, California 95113-2396
Telephone:  (408) 938-3882
Facsimile:  (408) 915-2672
David.bohrer@valoremlaw.com

J. Pat Heptig (Texas Bar No. 793940)
(*pro hac vice pending*)
15050 E. Beltwood Pkwy.
Addison, Texas  75001
Telephone:  (214) 451-2154
Facsimile:  (312) 676-5499
Pat.heptig@valoremlaw.com

Attorneys for Plaintiff Plantronics, Inc.

**CERTIFICATE OF SERVICE**

I, David C. Bohrer, am the ECF User whose identification and password are being used to file this document.  I hereby certify that on October 15, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email address on file with the Clerk of the Court.


Dated:  October 15, 2014                    */s/    David C. Bohrer*
                                            David C. Bohrer