United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **PLANTRONICS, INC.**,<br>　　　　Plaintiff,<br>　　v.<br>**BLUEANT WIRELESS PTY., LTD., ET AL.**,<br>　　　　Defendants. | Case No.  14-cv-04619-YGR |
| **PLANTRONICS, INC.**,<br>　　　　Plaintiff,<br>　　v.<br>**C2 WIRELESS AND ACCESSORIES, LLC**,<br>　　　　Defendant. | Case No.  14-cv-04621-YGR |

**ORDER TO SHOW CAUSE RE SANCTIONS**

**TO DAVID C. BOHRER:**  You are **HEREBY ORDERED TO SHOW CAUSE** why you should not be sanctioned for your failure to appear at the case management conference ("CMC") for the above-captioned related actions on January 26, 2015 at 4:30 p.m.

On January 6, 2015, the Court scheduled an initial CMC for January 26, 2015 at 2 p.m. Apparently as of that date, Mr. Bohrer, counsel for plaintiff, was aware of a conflict—namely, a deposition he was scheduled to defend in an unrelated matter and which apparently could not be moved. (Declaration of David C. Bohrer in Support of Plaintiff's Request for Telephonic Appearance ("Bohrer Dec.") at ¶ 6.)  However, Mr. Bohrer did not notify the Court of this conflict in a timely fashion.  The parties filed their joint case management statements on January 20, 2015. Finally, on January 22, 2015—on the Thursday before Monday's CMC—the Bohrer Dec. was filed on both dockets in connection with the CMC.  As this Court noted in denying the "request," no formal request for telephonic appearance was filed in connection with the declaration, the request was untimely, and Mr. Bohrer did not provide sufficient detail to justify the request.

Nevertheless, to accommodate Mr. Bohrer, the Court rescheduled the CMC to 4:30 p.m. on the same day and notified Mr. Bohrer that it was considering issuing an order to show cause regarding possible sanctions.

Mr. Bohrer did not further communicate with the Court and did not appear at the CMC. Instead, his partner Patrick Lamb—who is not admitted to practice before this Court and who had not filed a request to appear *pro hac vice*—attended in his absence, along with counsel for defendants, Patricia L. Peden.  As Mr. Bohrer noted in his declaration, and as was confirmed by Mr. Lamb, Mr. Bohrer was "the attorney best suited under the circumstances to participate in a meaningful fashion in the case management conference" and "[t]he only other attorney in my office who has worked on this matter, Of Counsel J. Pat Heptig, resides and works in Dallas, Texas and due to family and work schedules is not available to travel to the Bay Area and participate in the case management conference attend [*sic*] in my absence." (Bohrer Dec. ¶ 7.)  As a result of Mr. Bohrer's absence, the Court and the parties were not able to conduct a meaningful CMC.  Thus, judicial resources were wasted and defendants incurred unnecessary expense.

Therefore, the Court **SETS** a hearing on this Order to Show Cause for Friday, **February 6, 2015** at **4 p.m.**  Mr. Bohrer is ordered to appear personally.  By **February 2, 2015**, Mr. Bohrer shall file a written response to this Order to Show Cause, if he contests it, providing his grounds for contesting the Order to Show Cause and explaining his failure to (1) attend the CMC and (2) request continuance of the CMC in a timely fashion.  Also by **February 2, 2015**, defendants may file a declaration setting forth the expenses they incurred in attending the CMC.

At the conference, counsel noted the parties were nearing possible settlement of the disputes.  If notices of settlement are filed in both actions by February 2, 2015, the parties may jointly request that the Order to Show Cause hearing be taken off calendar.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**